DANIEL WARREN, *in Equity, versus* BENJAMIN F. BAKER.

Bills which seek a discovery only, in aid of an action at law, cannot be entertained by this court, as its jurisdiction is limited by statute to cases in which it can give relief, and to those in which the power to require a discovery is specially given.

Under the limited jurisdiction of this court in equity, it is well settled that relief consequent upon discovery ought not to be given, when the most appropriate proceeding to ascertain the extent of the relief is by the verdict of a jury.

BILL IN EQUITY, in which the plaintiff alleges that he was, on or about the nineteenth day of November, A. D. 1856, notified by John H. Wilson, sheriff of the county of Penobscot, that he held in his hands an execution against your orator, in favor of Benjamin F. Baker, of Norridgewock, in Somerset county, with directions to collect the same of your orator; that your orator was until that time totally ignorant that such an execution was in existence, or that any judgment had been rendered against him in favor of said Baker, or that a suit had ever been commenced against him by said Baker. That on investigation he ascertained that said execution was the third execution issued on a judgment recovered before the Supreme Judicial Court holden at Norridgewock, within and for the county of Somerset, on the third Tuesday of March, by adjournment on the third Tuesday of May, A. D. 1853, for the sum of two hundred thirty-six dollars and three cents damage, and eight dollars and four cents costs of suit, and dated October 28, A. D. 1856, and that to his best knowledge and belief, it is the first execution on said judgment which has ever been placed in the hands of an officer.

And your orator further says, that said suit was founded upon a note signed by your orator on the second day of August, 1836, for two hundred dollars, payable in one year and interest annually;—that your orator was at that time an infant under the age of twenty-one years, and that said note

was given to one Kidder, who took advantage of your orator's infancy and want of experience to obtain from him said note and a payment on the same on the day of its date, of eighty-two dollars and fifty-seven cents, for an insufficient consideration, which said consideration was an obligation for the conveyance of certain real estate situate in the state of New Hampshire, which, according to your orator's information and belief, was of no value, and from which your orator or any person by, through, or under him, has never at any time received any benefit whatever, and that if he had had knowledge of said suit before judgment was rendered, he should have made a defence to the same, and if he had had knowledge of the existence of said judgment within three years after it was recovered, he should have petitioned for a review of the action; that although by the officer's return upon the writ it appears that it was served by a summons being left at his last and usual place of abode, yet that the fact of such service never came to the knowledge of himself or any member of his family; that although by the records of said court it appears that two executions prior to that in the hands of said Wilson have issued on said judgment, yet that the existence of such execution and of such judgment have been fraudulently concealed from him by the said Baker; although your orator is of sufficient ability to pay the same, and has had property both real and personal liable to be levied upon from before said suit was commenced, until after the expiration of three years from the time when said judgment was recovered. Whereby, by reason of said fraudulent concealment, your orator has been barred of his remedy at law, and he brings this suit, and he prays your Honors to consider this matter in equity, where alone your orator can have relief, and to give him such relief as your Honors shall deem meet in the premises.

And may it please your Honors to grant your writ of injunction directed to said John H. Wilson, sheriff, and to all his deputies, and likewise to said Benjamin F. Baker, and to all and singular his counselors, attorneys, agents and solic-

itors whomsoever, enjoining and commanding them that they and each of them desist from further enforcement of said execution at law.

And may it please your Honors, also, to grant unto your orator your writ of subpœna directed to said Benjamin F. Baker, commanding him at a day certain and under a pain therein to be limited, personally to be and appear before your Honors in this court, and then and there, full, true, direct and perfect answers make to all the premises; and, further, to abide, stand to, and perform such further order, direction and decree therein as to your Honors shall seem meet.

To which there was a demurrer, in which the question raised was, whether this court has any equity jurisdiction over the case as made in the bill.

The demurrer having been overruled *pro forma*, at *Nisi Prius*, by APPLETON, J., presiding, this case comes before the full court on exceptions to that ruling.

*D. D. Stuart*, solicitor for the respondent, argued in support of the demurrer.

*John E. Godfrey*, solicitor for the complainant, in support of the bill.

The bill alleges:

1. The fraudulent concealment of a judgment for more than three years; which judgment was recovered upon a suit of which the complainant had no knowledge.

2. That the suit was upon a note to which he had a legal and equitable defence, which he would have made if he had had knowledge of the suit, or if he had known of the existence of the judgment in season to procure a review.

This court has jurisdiction as a court of equity in all cases of fraud, trusts, accident or mistake. R. S. of 1841, chap. 96, sec. 10, clause 5, or in the language of the R. S. of 1857, chap. 77, sec. 8, clause 4, "For *relief* in" such cases.

TENNEY, C. J. It is alleged in the bill, that a judgment

was obtained against the plaintiff in an action upon a promissory note of hand, given by him when a minor, under the age of twenty-one years, in consideration of a conveyance to him of a parcel of land of no value, advantage having been taken of him by the payee of the note, by reason of his infancy and want of experience; that although by the return upon the writ, a summons was left at the last and usual place of abode of the plaintiff, yet he was ignorant of the institution and pendency of the suit, and of the existence of the judgment thereon, till more than three years after the judgment was rendered, notwithstanding two writs of execution were issued thereon, previous to the one upon which he was called on for payment of said judgment; and that the defendant fraudulently concealed the existence of said judgment from the plaintiff, so that he has been prevented from making the attempt to obtain a review of the action, as he should have done, until his petition for review was barred by the statute of limitations.

The bill contains a general prayer for discovery and relief.

Under a demurrer to the bill, the defendant denies the equity jurisdiction of the court, and its power as such to grant any relief.

Bills of this sort are usually called bills for a new trial. 2 Story's Eq., sec. 887. And the only relief contemplated by the bill, is in its nature a review of the action, in which the judgment at law was rendered.

In the case of Marine Ins. Co. v. Hodgson, 7 Cranch., 332, it is said by Marshall, C. J., in delivering the opinion of the court, " Without attempting to draw any precise line, to which courts of equity will advance, and which they cannot pass, in restraining parties from availing themselves of judgments obtained at law, it may safely be said, that any fact which clearly proves it to be against conscience to execute a judgment, and of which the injured party could not have availed himself in a court of law, or of which he might have availed himself at law, but was prevented by fraud or accident, unmixed with any fault or negligence in himself or his

agents, will justify an application to a Court of Chancery."
The doctrine contained in the above does not appear to be
controverted by courts possessed of general chancery pow-
ers, as appears by the authorities cited in behalf of the
plaintiff.

But in courts having the most ample jurisdiction in equity,
" bills of this description have not of late years been much
countenanced." Per Lord Redesdale, 1 Metf., Pl. Eq., by
Joreney, 131; Floyd v. Jayne, 6 John. Ch., 479; Woodworth
v. Van Baskerk, 1 Ibid., 432. And in these courts it is a
rule well established, that if a bill prays for relief, as well as
discovery, and if the party is not entitled to the relief, he is
not entitled to a discovery. Warren v. Coombs, 17 Maine
R., 404. And in cases where the remedy at law is more ap-
propriate than the remedy in equity, or the verdict of a jury
is indispensable to the relief sought, the jurisdiction will be
declined; or if retained, will be so, subject to a trial at law.
1 Story Eq., sec. 66, and seq.

This court cannot entertain bills for discovery, which do
not pray for relief, and seek a discovery only in aid of an ac-
tion at law; and it cannot entertain bills of this description,
for the reason, that by the statute its jurisdiction is limited
to cases in which it can give relief; and to other cases, in
which the power to require a discovery is specially given.
And although relief may be and usually is given consequent
upon discovery, it has been held, and such is the settled doc-
trine, under the limited jurisdiction of this court in equity,
that such relief ought not to be given, when to obtain the
verdict of a jury is the most appropriate proceeding, to as-
certain the extent of the relief. R. S. of 1841, chap. 96, sec.
10; Warren v. Coombs, before cited; Woodman v. Freeman,
25 Maine R., 531.

The judgment referred to in the bill, according to the al-
legations therein, is a valid judgment at law, and is now in
full force. The relief sought can be granted in no other
mode, than by a review of the action in which the judgment
was rendered. Discovery, in this case, can be only for the

purpose of obtaining a new trial, in an action at law; and to grant it would be an excessive exercise of the equity jurisdiction, which, according to well settled constructions of the statutes, has been conferred upon this court. .

*Bill dismissed.*

RICE, APPLETON, HATHAWAY, and GOODENOW, J. J., concurred; CUTTING, J., did not concur.